MANDATE

19-1089-cv
*Phillips v. Long Island Rail Road*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-one.

PRESENT: JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges*,
RICHARD K. EATON,
*Judge.*\*

---

DOMINIQUE PHILLIPS,

       *Plaintiff-Appellant*,                  19-1089-cv

v.

LONG ISLAND RAIL ROAD COMPANY,

       *Defendant-Appellee,*

UNITED TRANSPORTATION UNION–LOCAL 722,

       *Defendant.*

---

**FOR PLAINTIFF-APPELLANT:**          Dominique Phillips, *pro se*, Roosevelt, NY.

---

\* Judge Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

1

MANDATE ISSUED ON 03/25/2021

**FOR DEFENDANTS-APPELLEES:**   Brian Kenneth Saltz, *for* Paige Graves, Vice President/General Counsel & Secretary, Long Island Rail Road Law Department, Jamaica, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*; Arlene R. Lindsay, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Dominique Phillips ("Phillips"), proceeding pro se, sued his former employer, the Long Island Rail Road Company ("LIRR"), alleging racial- and disability-based discrimination and retaliation under various federal, state, and city statutes. The District Court granted LIRR's motion for summary judgment as to all claims. On appeal, Phillips argues that the District Court abused its discretion by denying his timely request for an extension to object to the Magistrate Judge's report and recommendation ("R&R"), which was adopted in full by the District Court. In turn, LIRR argues that Phillips' claims are waived on appeal because he failed to timely object to the R&R. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's denial of Phillips' timely motion for an extension of time to file objections to the R&R for abuse of discretion. *Wesolek v. Canadair*, 838 F.2d 55, 58 (2d Cir. 1988). In his letter, Phillips requested a six-month extension of time so that he could locate new counsel and he did not preview any objections he intended to raise to the R&R. Accordingly, we cannot find that the District Court abused its discretion in denying Phillips' request for an extension, because Phillips already had several months to locate counsel and his letter motion indicated that he was unlikely to obtain representation in the near future.

"Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985). The R&R in this case gave clear warning that failure to object to it within fourteen days would result in a waiver of objections and preclude appellate review. Still, because the waiver rule is non-jurisdictional, we may, in our discretion, excuse a party's failure to object "in the interests of justice." *Thomas*, 474 U.S. at 155. In determining whether to exercise such discretion, we consider, "among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

  Our review of the record on appeal and the relevant case law shows that the magistrate judge properly concluded that LIRR's motion for summary judgment should be granted. Accordingly, because Phillips' defaulted arguments do not have "substantial merit" and the magistrate judge did not commit plain error, we do not excuse Phillips' failure to object. Phillips has waived appellate review of the merits of the District Court's adoption of the R&R.

## CONCLUSION

  We have reviewed all of the arguments raised by Phillips on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 25, 2019 judgment of the District Court.

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3